UNITED STATES of America, Plaintiff—Appellee,

v.

**Bi Anh LE, Defendant—Appellant.**

**Nos. 05–30162, 05–30163.**

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Decided March 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Dion, Esq., USTA–Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Robert W. Goldsmith, Esq., Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Bi Anh Le appeals the judgments entered by the district court after a jury verdict finding him guilty of conspiracy to distribute cocaine, and possession of cocaine with intent to distribute, and revoking his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291.

At trial, over Bi Le's objection, the district court permitted a government witness and an Assistant United States Attorney (AUSA) to read transcripts of recorded conversations between Bi Le's co-defendant, Hung Nguyen, whose words were spoken by the AUSA, and a confidential government informant, Trinh Le, whose words were spoken by the government witness.[1] The recorded conversations between Bi Le's co-defendant and the government informant primarily concerned the logistics of a cocaine sale. Although neither speaker mentioned Bi Le by name, the conversations implicated him in light of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our decision.

other evidence presented at trial. Bi Le contends that allowing the government witness and AUSA to read this recorded dialogue to the jury violated his right to confront the witnesses against him, protected by the Sixth Amendment's Confrontation Clause.[2] We disagree.

Under the Supreme Court's ruling in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), and our precedents, the statements that Appellant Bi Le challenges do not violate the Confrontation Clause. The Sixth Amendment prohibits the use of "testimonial" hearsay against a criminal defendant, unless the declarant is unavailable to testify at trial and the defendant had a previous opportunity to cross-examine the declarant. *See id.* at 68, 124 S.Ct. 1354. The statements of Bi Le's co-defendant were not testimonial because they concerned the logistics of a significant narcotics sale and were made in furtherance of a conspiracy. *See id.* at 56, 124 S.Ct. 1354 (noting that "statements in furtherance of a conspiracy" are "by their nature" not testimonial); *United States v. Allen,* 425 F.3d 1231, 1235 (9th Cir.2005) (holding that statements made to a confidential informant whom the declarant believes to be part of a conspiracy are not testimonial where the statements are made in furtherance of the conspiracy). Similarly, the confidential informant's statements do not violate the Confrontation Clause because the district court permitted them to be read to the jury to provide context for the statements of Bi Le's co-defendant, not to prove the truth of their contents. *See Crawford,* 541 U.S. at 59, 124 S.Ct. 1354 n. 9 ("The [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); *see also United States v. Whitman,* 771 F.2d 1348, 1352 (9th Cir.1985) (concluding that an informant's statements were admissible as non-hearsay to place a conspirator's statements in context). We hold that neither the recorded statements of Bi Le's co-defendant, which were admitted as statements of a coconspirator, nor the recorded statements of the confidential informant, which were admitted only to give context, violate the Confrontation Clause.

Appellant Bi Le also argues that the district court improperly admitted testimony by one of Bi Le's coconspirators, Xuan Nguyen, who claimed to have seen Bi Le use cocaine.[3] Federal Rule of Evidence 404(b) states in part that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b) does not, however, limit the admission of such evidence to prove a fact other than a defendant's criminal disposition. *See United States v. Verduzco,* 373 F.3d 1022, 1026—27 (9th Cir.2004). Here, the government did not offer Xuan Nguyen's testimony to prove Bi Li's criminal disposition, but rather to explain why Xuan Nguyen thought that Bi Li might be able to identify a buyer for eight kilograms of cocaine, and thus to explain how Bi Li became involved in the conspiracy. The district court did not abuse its discretion by admitting Xuan Nguyen's testimony.

**AFFIRMED.**

---

2. We review alleged violations of the Confrontation Clause de novo. *See United States v. Nielsen,* 371 F.3d 574, 581 (9th Cir.2004).

3. We review a district court's decision to admit disputed evidence under Federal Rule of Evidence 404(b) for abuse of discretion. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062 (9th Cir.2004).