UNITED STATES of America,
Plaintiff–Appellee,

v.

Hung Van NGUYEN, Defendant–
Appellant.

No. 05–30178.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed April 24, 2007.

---

Michael Dion, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

William Broberg, Esq., Law Office of William Broberg, Seattle, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

## MEMORANDUM *

Hung Van Nguyen appeals his convictions for conspiracy to distribute, possession with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2, raising multiple grounds for reversal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ With respect to the first issue Nguyen raises, we conclude that, based on the testimony of Xuan Van Nguyen ("Xuan")

---

\* This disposition is not appropriate for publication and is not precedent except as provided

and the DEA agents involved in the case, and viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (outlining test); *United States v. Rios,* 449 F.3d 1009, 1011 (9th Cir.2006) (same). The evidence at trial established that Nguyen conspired with Xuan, Duc Van Vu, and Bi Anh Le to sell cocaine to the informant, that he directed the negotiations and preparation of the cocaine at the apartment and therefore possessed the cocaine with intent to distribute, and that he provided the informant a sample of cocaine.

■ Second, we conclude that the district court did not abuse its discretion or violate Nguyen's constitutional rights in denying his motion for a continuance. *United States v. Bahamonde,* 445 F.3d 1225, 1228 (9th Cir.2006). Although Nguyen expressed a desire for a continuance in order to have the informant testify, the record discloses that he lacked diligence in seeking the informant's presence, that he failed to establish harm because there was no proffer that the informant's testimony would have been favorable to him, and that he failed to show that he would have been able to procure the informant's presence had a continuance been granted. Nguyen was notified that the informant could not be located before trial, but did not request a continuance until after the jury had been impaneled and the trial had commenced. And, in fact, his counsel indicated that he considered the informant's absence a "blessing." *See United States v. Nguyen,* 88 F.3d 812, 819 (9th Cir.1996) (reciting four factors for the court's consideration);

by 9th Cir. R. 36–3.

*United States v. Smith,* 790 F.2d 789, 796 (9th Cir.1986) (affirming conviction with observation that "Smith's offer of proof fell far short of the [particular factors]"). In addition, the court, the government, Nguyen's co-defendant, and witnesses would have been inconvenienced because the requested continuance was open-ended. *See, e.g., United States v. Croft,* 124 F.3d 1109, 1118 (9th Cir.1997).

■ Third, we conclude that the district court did not abuse its discretion in denying Nguyen's motion to terminate counsel. *United States v. Gonzalez,* 113 F.3d 1026, 1028 (9th Cir.1997). The district court conducted an adequate inquiry into the dispute between Nguyen and his counsel, and its decision was proper in light of the timing of the motion, the fact that the disagreements were over trial strategy and would have persisted with any lawyer, and the likely delay. *See United States v. Smith,* 282 F.3d 758, 764 (9th Cir.2002) (noting that although the district court must "generate a 'sufficient basis for reaching an informed decision,'" it does not need to conduct a hearing or formal inquiry); *United States v. McKenna,* 327 F.3d 830, 844 (9th Cir.2003) (noting that disputes about trial tactics do not require substitution of counsel); *United States v. Garcia,* 924 F.2d 925, 926 (9th Cir.1991) ("We have consistently held that a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance."). Even if there were error, the error was harmless because Nguyen did not suffer any prejudice from the denial of his motion.

■ Fourth, we find no plain error in the district court's not giving, *sua sponte,* an instruction pursuant to *Sears v. United States,* 343 F.2d 139 (5th Cir.1965), because the defense did not rely on the theory that Nguyen had conspired only with the informant. *See United States v. Rome-*

*ro,* 282 F.3d 683, 689 (9th Cir.2002) (finding no plain error where defendant did not rely on *Sears*-type theory at trial). Instead, Nguyen's dominant theory was that the government had not satisfied its burden of proof, and the government's theory, which was supported by extensive evidence, was that Nguyen conspired with Xuan, Vu, and Bi Le to sell drugs *to* the informant. Even if Nguyen's theory had been different, moreover, there is no indication that he was prejudiced by the failure to give the instruction.

■ Fifth, it was likewise not plain error or a violation of the Confrontation Clause for the district court not to give a missing witness jury instruction, because there was no evidence to support an adverse inference from the informant's absence at trial. *United States v. Bridgeforth,* 441 F.3d 864, 868 (9th Cir.2006); *United States v. Montgomery,* 150 F.3d 983, 996 (9th Cir.1998). Instead, the record reflects that the government had been attempting to locate the informant, and that Nguyen's counsel believed his absence was a "blessing."

■ Sixth, we conclude that the district court did not err by admitting translated transcripts of recorded conversations between the informant and Nguyen, notwithstanding gaps in the recordings, and that Nguyen's constitutional rights were not violated by the admission. *See United States v. Fuentes–Montijo,* 68 F.3d 352, 354 (9th Cir.1995). It was adequately established, and was acknowledged by defense counsel at trial, that Nguyen was the second speaker on the transcripts. In addition, "[a] recorded conversation is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy." *United States v. Abonce–Barrera,* 257 F.3d 959, 963 (9th Cir.2001) (internal quotation marks omitted); *United States v. Rrapi,* 175 F.3d 742, 746 (9th Cir.1999). There is

no indication in the record that the transcripts were untrustworthy; consequently, we reject this argument.

 Seventh, the district court did not err in admitting out-of-court statements of the informant, which were translated and transcribed for the jury. The statements were properly admitted for the non-hearsay purpose of providing context for Nguyen's recorded statements, and not for truth. Therefore, even assuming that they were testimonial, their admission does not violate *Crawford v. Washington,* 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See id.* at 59 n. 9, 124 S.Ct. 1354 (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"). Moreover, the determination to this effect in the appeal of Bi Le, Nguyen's co-defendant, *see United States v. Le,* 172 Fed. Appx. 208, 209–10 (9th Cir.2006), is law of the case, which precludes a contrary determination here. *See United States v. Schaff,* 948 F.2d 501, 506 (9th Cir.1991).

 Eighth, we find no abuse of discretion in the district court's allowing the transcripts of the recorded conversations to be sent into the jury room, *see Abonce–Barrera,* 257 F.3d at 963; *Fuentes–Montijo,* 68 F.3d at 354, and the provision of the audiotapes to the jury was at least harmless because there is no evidence that the jury had a tape player or other device with which to listen to them. *See Eslaminia v. White,* 136 F.3d 1234, 1237 & n. 1 (9th Cir.1998); *United States v. Franco,* 136 F.3d 622, 625–28 (9th Cir. 1998).

 Ninth, we conclude that the district court did not abuse its discretion in denying Nguyen's motion for a mistrial when it ordered stricken certain statements which had previously been admitted, and instructed the jury to disregard them. *United States v. Allen,* 341 F.3d 870, 891

(9th Cir.2003). Because the challenged statements were properly admitted, we reject Nguyen's contention that he was prejudiced by the district court's decision. Even if the challenged statements had been improperly admitted, moreover, Nguyen's contentions would fail because "juries are presumed to heed cautionary instructions by the court," *United States v. McCormac,* 309 F.3d 623, 626 (9th Cir. 2002), and there is no reason to believe that it did not do so in this instance.

 Finally, because no error occurred, we conclude that there was no cumulative error. Even if an error occurred, there was no prejudice so as to warrant reversal. *See Romero,* 282 F.3d at 690 ("Having found no error in the district court's rulings, there is no cumulative error."); *United States v. Wallace,* 848 F.2d 1464, 1475–76 & n. 21 (9th Cir.1988) (outlining cumulative error test).

For the foregoing reasons, the judgment of conviction is

**AFFIRMED.**