**UNITED STATES of America,**
**Plaintiff,**

v.

**Anthony EPPOLITO and Guido**
**Bravatti, Defendants.**

**No. 2:05–CR–087–PMP–LRL.**

United States District Court,
D. Nevada.

Aug. 24, 2009.

Eric Johnson, Timothy S. Vasquez, U.S. Attorney's Office, Las Vegas, NV, for Plaintiff.

Richard A. Schonfeld, Chesnoff & Schonfeld, Shari L. Kaufman, Federal Public Defender, Las Vegas, NV, for Defendants.

*ORDER*

PHILIP M. PRO, District Judge.

Presently before the Court is Defendants Anthony Eppolito and Guido Bravatti's Motion in Limine (Doc. # 198), filed on August 13, 2009. The Court conducted a hearing regarding this fully briefed motion on August 21, 2009.

## I. BACKGROUND

Defendants Eppolito and Bravatti are charged with distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. (Indictment [Doc. # 1].) At trial, the government intends to offer into evidence video and audio recordings of Defendants engaging in conversations about the sale of methamphetamine and other illegal drugs with a government informant, Stephen Corso ("Corso"). The government recently indicated that it may not call Corso as a live witness. (Mot. in Limine, Ex. A.) The government has further indicated that it will make Corso available at the time of trial to be called as a witness on behalf of the defense. (*Id.*) Defendants now move to preclude the government from offering any of the video or audio recordings in which Corso participated, arguing that (1) the evidence would violate the Sixth Amendment's Confrontation Clause; and (2) the videotape cannot be admitted under the Federal Wiretapping Statute without Corso's testimony.

## II. DISCUSSION

### A. Confrontation Clause

Defendants argue that the admission of recordings of Corso would violate the Confrontation Clause of the Sixth Amendment if the Government does not also offer Corso as a witness at trial. Specifically, Defendants argue that the recordings are inadmissible under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), because Corso's recorded statements are testimonial. The Government responds that *Crawford* does not apply because Corso's recorded statements are neither hearsay nor testimonial. The government contends that Corso's recorded statements are not offered for the truth of their content, but to place Defendants' statements and conduct in context.

*Crawford* prohibits the admission of testimonial hearsay except in cases where the declarant is unavailable and the defense had a prior opportunity for cross-examination. 541 U.S. at 68, 124 S.Ct. 1354. The Confrontation Clause, however, "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 59 n. 9, 124 S.Ct. 1354; *see also United States v. Tolliver*, 454 F.3d 660, 666 (7th Cir.2006) ("[A]

crucial aspect of *Crawford* is that it only covers hearsay.") In *Crawford*, the Court declined to "spell out a comprehensive definition of 'testimonial.'" *Id.* at 68, 124 S.Ct. 1354. "'*Crawford* at least suggests that the determinative factor in determining whether [a statement is testimonial] is the declarant's awareness or expectation that his or her statements may later be used at trial.'" *United States v. Larson,* 460 F.3d 1200, 1213 (9th Cir.2006) (quoting *United States v. Saget,* 377 F.3d 223, 228 (2d Cir.2004)). The admissibility of Corso's recorded statements in this case, however, turns on the fact that his statements are not being offered for their truth, not whether they are testimonial.

The United States Court of Appeals for the Seventh Circuit has recently ruled on a situation nearly identical to the instant case. *See Tolliver,* 454 F.3d at 666. In *Tolliver,* the court permitted the government to offer recordings of the defendant selling crack cocaine to a confidential informant. *Id.* at 664. The informant did not testify at trial. *Id.* at 663. The defendant argued that admitting the recordings violated the Confrontation Clause. *Id.* at 664. The court held that the informant's statements about drug sales were not hearsay because they were not offered for their truth, but rather admissible to put the defendant's statements on the recording in context. *Id.* at 666. As such, the recordings were not subject to the Confrontation Clause and *Crawford.*[1] *Id.* Though the Ninth Circuit has not issued a published opinion on this question, it ruled consistently with the Seventh Circuit in an unpublished disposition: *United States v. Le,* 172 Fed.Appx. 208, 210 (9th Cir.2006). In *Le,* the court permitted the government to read transcripts of recorded conversations between the defendant's co-conspira-

tor and a government informant. *Id.* at 209. Similar to the Seventh Circuit, the court concluded that "the confidential informant's statements do not violate the Confrontation Clause" because they were admitted "to provide context[,] ... not to prove the truth of their contents." *Id.* at 210.

Additionally, a host of pre-*Crawford* decisions have held that such statements by informants are not hearsay. *United States v. McDowell,* 918 F.2d 1004, 1007 (1st Cir.1990) (listing cases and holding that informant's testimony was not hearsay where it was admitted to establish that the statements were uttered and to give context to what the defendant was saying); *United States v. Whitman,* 771 F.2d 1348, 1352 (9th Cir.1985) (holding that informant's taped statements were not hearsay because they were admitted only to show that they were made and to place replies in context). While *Crawford* altered the legal landscape in other respects, it did not change the definition of hearsay and overrule the hearsay aspect of those holdings.

■ As in *Tolliver* and *Le,* the admission of Corso's recorded statements does not run afoul of the Confrontation Clause or *Crawford* because the statements are not offered for the purpose of establishing their truth. *See Crawford,* 541 U.S. at 59 n. 9, 124 S.Ct. 1354. Indeed, no one disputes that Corso did not actually intend to purchase drugs, except in the role of a government informant. Rather, Corso's recorded statements have been offered give context to Defendants' statements. Because Corso's statements are not hearsay, the Confrontation Clause and *Crawford* do not apply. Accordingly, whether the statements are testimonial is irrelevant.

---

1. The appeal of this issue in *Tolliver* was subject to a plain error standard of review. *Id.* at 666. However, the standard of review did not appear to be central to the court's resolution.

### B. Federal Wiretap Statute, 18 U.S.C. § 2510, *et seq.*

■ Defendants argue that the audio portion of video footage of Corso, Eppolito, and Bravatti is inadmissible under the Federal Wiretap Statute, 18 U.S.C. § 2510, *et seq.*, absent Corso's testimony of his consent to the recording and that the government's assurances that Corso consented to the recording are insufficient. The government responds that the legality of the recordings is not an issue for trial, and therefore Corso need not testify about his consent at trial. Additionally, the government indicates its willingness to offer government agents as witnesses who will testify that Corso expressly consented to the recordings and in fact carried and operated the recording devices.

The audio portion of the videotape is governed by the Federal Wiretap Statute, which permits warrantless audio-recording if one of the participants in the monitored conversation consents. 18 U.S.C. § 2511(2)(c); *United States v. Shryock,* 342 F.3d 948, 977–78 (9th Cir.2003). However, Defendants do not indicate that they dispute that Corso consented, only that the government has not yet offered evidence of his consent. The government is willing to do so. Moreover, though Defendants imply that Corso must testify as to his consent at trial, the do not offer law supporting their contention that this is an issue for trial rather than an evidentiary issue properly adjudicated in limine.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion in Limine (Doc. # 198) is hereby **DENIED.**