**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julian GALINDO–GALLEGOS, aka
Jose Reyes–Olague, aka Aurelio Gar-
cia–Chairez, aka Jose Olague Reyes,
Defendant–Appellant.**

No. 99–50585.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2000

Filed March 27, 2001

Amended April 25, 2001

Second Amendment July 12, 2001

Debra A. DiIorio, DiIorio & Hall, San Diego, California, for the appellant.

Kevin J. Kelly, Assistant U.S. Attorney, San Diego, California, for the appellee.

Before: RYMER, KLEINFELD, and PAEZ, Circuit Judges.

**ORDER**

The slip opinion filed March 27, 2001 and amended April 25, 2001, is amended as follows:

At slip opinion 5225, lines 4–6 of the text, delete the sentence, "Whether a person is 'in custody' for purposes of *Miranda* is essentially a question of fact reviewed for clear error." Replace with: Whether a person is "in custody" for purposes of *Miranda* is a mixed question of law and fact warranting de novo review. Before *Thompson v. Keohane,* we reviewed whether a suspect was "in custody" for purposes of *Miranda* as a question of fact, for clear error, under *People of the Territory of Guam v. Palomo.* We have, since *Thompson,* re-

viewed de novo, as *Thompson* requires, without mentioning *Palomo.* A panel may overrule the decision of a prior panel when "an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." To avoid future confusion, we expressly recognize that *Palomo*'s clear error standard of review has been overruled.