**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Efrain SAUCEDA–AVALOS, Defendant—Appellant.**

**No. 06–50323.**

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

648

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appelle.

Matthew C. Shaftel, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and M. SMITH, Jr., Circuit Judges.

MEMORANDUM **

A jury convicted Efrain Sauceda–Avalos ("Sauceda") of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The district court sentenced Sauceda to 70 months in custody followed by a three-year term of supervised release. Sauceda appeals his conviction and sentence. We affirm.

I.

■ The government presented sufficient foundational evidence to establish that Sauceda filed the birth certificate and translation with his previous application for temporary status. Thus, the district court did not abuse its discretion by admitting the birth certificate and translation as

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adoptive admissions, *see* Fed.R.Evid. 801(d)(2), and by determining that any risk of prejudice did not substantially outweigh the documents' probative value, *see* Fed. R.Evid. 403.

II.

■ Sauceda's field statements were admissible. The Border Patrol agents had reasonable suspicion to detain the suspects and the agents only inquired as to the suspects' citizenship and immigration status. Therefore, the detention constituted a lawful *Terry* stop rather than a custodial interrogation, rendering *Miranda* warnings unnecessary. *United States v. Cervantes–Flores*, 421 F.3d 825, 829–30 (9th Cir.2005), *cert. denied*, 547 U.S. 1114, 126 S.Ct. 1911, 164 L.Ed.2d 668 (2006); *United States v. Galindo–Gallegos*, 244 F.3d 728, 732 (9th Cir.2001), *as amended*, 255 F.3d 1154 (9th Cir.2001).

Agents Ramirez and Quillin both testified that they were only carrying handguns and they never brandished them. Any discrepancies between the agents' testimonies were minor and inconsequential. The district court did not clearly err by crediting the testimony of the Border Patrol agents to conclude that Sauceda provided the field statements voluntarily.

III.

■ The district court did not abuse its discretion by prohibiting defense counsel from cross-examining the government's fingerprint expert on his credentials and qualifications. Defense counsel waived the right to contest the witness's credentials and qualifications by failing to object to the government's motion to admit the witness as an expert. *See United States v.*

*Jamerson,* 549 F.2d 1263, 1266–67 (9th Cir.1977) ("It is a fundamental rule of evidence that an objection not timely made is waived.").

## IV.

■ Although the indictment did not specifically charge that Sauceda was removed *after* committing an aggravated felony, the district court properly applied the increased statutory maximum sentence under 8 U.S.C. § 1326(b)(2). *United States v. Covian–Sandoval,* 462 F.3d 1090, 1097–99 (9th Cir.2006), is distinguishable. In that case, the district court erred because the defendant admitted to being removed before he was convicted of the aggravated felony, but the district court imposed the enhanced statutory maximum sentence based on its own finding that the defendant was also removed after the conviction. *CovianSandoval,* 462 F.3d at 1097. In this case, the *only* evidence of removal presented at trial was of Sauceda's removal in 2005. The aggravated felony conviction came in 2000. Therefore, when the jury found beyond a reasonable doubt that Sauceda was removed, it necessarily found that removal came *after* the aggravated felony conviction and thus the district court's application of 8 U.S.C. § 1326(b)(2)'s increased statutory maximum did not violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1093–94 (9th Cir.2007).

## V.

■ The district court's finding of an aggravated felony, which resulted in the application of § 1326(b)(2)'s increased statutory maximum sentence, did not violate

*Apprendi* even though the aggravated felony was not charged in the indictment, admitted by the defendant, or proven to the jury beyond a reasonable doubt. *Covian–Sandoval,* 462 F.3d at 1096 (citing *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). *Almendarez–Torres* remains good law and is not limited to cases in which the defendant admits to the prior conviction during a guilty plea. *Id.* at 1096–97. Finally, *Apprendi* does not render 8 U.S.C. § 1326(b) unconstitutional. *Id.* at 1097.

**AFFIRMED.**