The **PAUL REVERE INSURANCE GROUP, Plaintiff–counter–defendant—Appellee,**

and

**Equitable Life Assurance Society of the United States, Plaintiff–counter–defendant,**

v.

**UNITED STATES of America, Intervenor—Appellee,**

**Rex K. DeGeorge, Defendant–counter–claimant—Appellant.**

No. 05–56642.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed Aug. 30, 2007.

Andrew S. Williams, Esq., Barger & Wolen, LLP, Los Angeles, CA, for Plaintiff–counter–defendant–Appellee.

Andrew S. Williams, Esq., Barger & Wolen, LLP, Los Angeles, CA, for Plaintiff–counter–defendant.

Brent A. Whittlesey, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Intervenor–Appellee.

Rex K. DeGeorge, Los Angeles, CA, pro se.

---

Before: FRIEDMAN,* KOZINSKI, and GOULD, Circuit Judges.

### MEMORANDUM **

Rex K. DeGeorge ("DeGeorge") and Kathryn Palmer DeGeorge ("Palmer") (collectively "DeGeorges") appeal the magistrate judge's order enforcing the judgment lien of the United States.[1] Addressed in this disposition are the arguments (1) that Palmer lacks standing to appeal, (2) that the magistrate judge lacked jurisdiction to rule on the government's motion to enforce the judgment lien, and (3) that the DeGeorges' due process rights were violated.[2]

1. The government argues that Palmer lacks standing in this appeal.[3] It is well established that "only a properly named party may initiate an appeal." *Citibank Int'l v. Collier–Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir.1987) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 548, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)). We follow "the general rule that one who is not a party before the district court may not appeal a judgment." *Commodity Futures Trading Comm'n v. Topworth Int'l*, 205 F.3d 1107, 1113 (9th Cir. 1999). A nonparty will have standing to appeal "only in exceptional circumstances when: (1) the party participated in the

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

2. DeGeorge's arguments that his civil judgment award is exempt from execution to satisfy the government's judgment lien, and that the enforcement of the government's judgment lien violates the Ex Post Facto Clause, are discussed in a separate opinion, which is filed at the same time as this memorandum disposition.

3. We review whether Palmer has standing de novo. *See Mortensen v. County of Sacramento*, 368 F.3d 1082, 1086 (9th Cir.2004).

proceedings below; and (2) the equities favor hearing the appeal." *Id.*

■ The DeGeorges concede that Palmer did not participate in the proceedings before the district court. And the magistrate judge did not treat her as a party. We conclude that Palmer cannot show exceptional circumstances that provide her with standing on appeal. *See SEC v. Wencke,* 783 F.2d 829, 834–35 (9th Cir. 1986).

DeGeorge argues that Palmer has standing because she jointly owns his disability income. Even if Palmer has a joint property interest in DeGeorge's disability policies and income, she lacks standing in this appeal because she did not intervene in this action. If Palmer wanted to assert her joint rights to DeGeorge's judgment award, she should have filed a motion to intervene with the district court, as she did in the related interpleader action.

**2.** DeGeorge argues that the magistrate judge lacked jurisdiction to adjudicate the government's motion to enforce its judgment lien.[4] In substance, DeGeorge presents three arguments: (1) that the parties did not consent to the magistrate judge's jurisdiction; (2) that the magistrate judge lacked jurisdiction over DeGeorge's criminal sentence; and (3) that the district court removed the magistrate judge's designation.

■ "A magistrate judge may conduct civil proceedings and order the entry of judgment if the parties consent." *Binder v. Gillespie,* 184 F.3d 1059, 1063 (9th Cir. 1999); 28 U.S.C. § 636(c). If the parties fail to consent in writing, the magistrate judge does not have jurisdiction and any judgment entered is a nullity. *Binder,* 184 F.3d at 1063. DeGeorge concedes that the parties entered a written stipulation giving consent to the magistrate judge to adjudicate this civil action between the Insurers and DeGeorge. A motion by the government to enforce its properly filed judgment lien is a further proceeding in this civil litigation, not in DeGeorge's criminal case. *See* Cal.Civ.Proc.Code. § 708.440 (West 1987). We hold that the parties consented to the magistrate judge's jurisdiction over the government's motion.

As to DeGeorge's second argument, DeGeorge confuses a lack of jurisdiction by the magistrate judge over DeGeorge's criminal sentence, with the ability of the magistrate judge to enforce a properly filed judgment lien in a civil action over which the magistrate judge has consensual jurisdiction from the parties.

Finally, as to DeGeorge's third argument, after reviewing DeGeorge's related cases that Judge Lourdes G. Baird presided over,[5] there is nothing that indicates Judge Baird undesignated the magistrate judge from this civil case.

**3.** DeGeorge contends that the DeGeorges' due process rights were violated because: (1) The magistrate judge did not give Palmer notice of, and an opportunity to present argument in, the hearing on the government's motion to enforce its judgment lien; and (2) U.S. Marshals removed DeGeorge from imprisonment at Sheridan Camp and brought him to appear before

**4.** We review whether a magistrate judge has jurisdiction de novo. *See Irwin v. Mascott,* 370 F.3d 924, 929 (9th Cir.2004).

**5.** District Court Judge Lourdes G. Baird presides over DeGeorge's criminal case, docket number 2:99–CR–00038–LGB, and previously presided over the United States civil action to examine DeGeorge's financials in an attempt to collect on its restitution judgment, docket number CV–02–5250 LGB. Judge Baird transferred jurisdiction over that civil matter to Judge Anderson on November 4, 2005. *See* CV–02–5250 LGB, Docket No. 33.

the magistrate judge during the judgment lien enforcement hearing.[6]

Under California law, all community property is liable for debts of either spouse incurred before or during marriage. *In re Soderling,* 998 F.2d 730, 733 (9th Cir.1993). California Family Code § 910(a) provides that "the community estate is liable for a debt incurred by either spouse before or during marriage, . . . regardless of whether one or both spouses are parties to the debt or to a judgment for the debt." *Id.* (West 2004). Palmer does not need to be a party to the civil action between the Insurers and DeGeorge, or notified of the hearing on the government's motion to enforce its judgment lien. Provided De-George received proper due process in that hearing, Palmer's due process rights were not violated.

■ Due process requires notice and an opportunity to be heard. *See Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 795, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). DeGeorge had notice of the September 8, 2005 hearing because he references it several times in his documents filed with the district court. And DeGeorge was present at this hearing. Although inmates have a constitutional right of access to either counsel or a law library, *Keenan v. Hall,* 83 F.3d 1083, 1093 (9th Cir.1996), DeGeorge does not allege he was denied this. Rather he argues that his transfer from prison for the hearing prevented him from finishing his research and preparation. Yet he cites no authority to support his contention that a transfer from a prison for a court hearing violates due process, and in the circumstances of this case fundamental fairness was not offended. Because DeGeorge was notified of, and present at, the judgment lien hearing, De-George's due process claim fails.

**AFFIRMED in part.**[7]

---

**6.** We review this issue de novo. *See United States v. Bahamonde,* 445 F.3d 1225, 1228 n. 2 (9th Cir.2006).

**7.** Although we affirm on the issues reviewed in this memorandum disposition, in the companion opinion filed simultaneously we reverse and remand.

