**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50554 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00283-IEG-1 |
| v. | |
| FRANCISCO KELLY-PALMER, AKA Enrique Ayon-Cortez, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
Pasadena, California

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

Francisco Kelly-Palmer ("Kelly-Palmer") appeals his conviction under 8

U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo*

whether there has been a violation of a Defendant's Sixth Amendment right to

present a defense and Fifth Amendment right to due process. *United States v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Bahamonde*, 445 F.3d 1225, 1228 (9th Cir. 2006). We state the facts only as necessary to explain our decision and we affirm.

First, the district court did not violate Kelly-Palmer's constitutional rights by precluding Kelly-Palmer from testifying about what his grandfather told him about his place of birth. We review a district court's decision not to admit evidence under a hearsay exception for abuse of discretion . *United States v. Yida*, 498 F.3d 945, 949 (9th Cir. 2007). The district court did not abuse its discretion when it found that such testimony by Kelly-Palmer was inadmissible hearsay which did not fall under any of the exceptions to the hearsay rule. *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir. 2003). Moreover, the exclusion of this hearsay testimony did not violate Kelly-Palmer's due process rights, because the testimony did not bear "persuasive assurances of trustworthiness." *Chia v. Cambra*, 360 F.3d 997, 1003 (9th Cir. 2004); *see also Chambers v. Mississippi*, 410 U.S. 284 (1973).

Second, the district court did not violate Kelly-Palmer's constitutional rights when it excluded Kelly-Palmer's expert witness testimony. We review a district court's decision to admit expert testimony for abuse of discretion. *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1078 (9th Cir. 2005). Expert evidence must be both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579,

597 (1993).  The district court did not abuse its discretion in finding the expert testimony unreliable.

Ultimately, the district court's  two evidentiary rulings did not violate Kelly-Palmer's constitutional rights because they did not prevent Kelly-Palmer from presenting his affirmative defense that he is a U.S. citizen.  *United States v. Scheffer*, 523 U.S. 303, 317 (1998); *United States v. Kincaid-Chauncey*, 556 F.3d 923, 935 (9th Cir. 2009).  We therefore affirm.

**AFFIRMED**.