FILED

JUN 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED WAHTOMY,

Defendant - Appellant.

No. 09-30106

D.C. No. 4:08-CR-00096-BLW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted February 5, 2010[**]
Seattle, Washington

Before: ALARCÓN, W. FLETCHER and RAWLINSON, Circuit Judges.

Alfred Wahtomy was indicted on charges of aggravated sexual abuse in

violation of 18 U.S.C. § 2241(a), and assault resulting in serious bodily injury in

violation of 18 U.S.C. § 113(a)(6). In support of his pretrial motion to suppress,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Wahtomy sought to compel the testimony of a tribal court judge who had signed the search warrant in order to inquire into whether the judge was "neutral and detached" or "capable of determining whether probable cause exists." *See Shadwick v. City of Tampa*, 407 U.S. 345, 350 (1972). The district court quashed the subpoena and denied the motion to suppress. Wahtomy proceeded to trial and was convicted. He appeals from the district court's order quashing the subpoena. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review a district court's order quashing a subpoena for abuse of discretion. *United States v. Bergeson*, 425 F.3d 1221, 1224 (9th Cir. 2005). We review *de novo* whether the defendant's due process or compulsory process rights were violated. *United States v. Bahamonde*, 445 F.3d 1225, 1228 n.2 (9th Cir. 2006).

To establish a violation of the constitutional right to compulsory process, a defendant "must make at least some plausible showing of how the[] testimony would have been both material and favorable to his defense." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 868 (1982). To establish a violation here, Wahtomy needed to make a plausible showing that Judge Coby's testimony as to her neutrality and qualifications would have been both material and favorable on his Fourth Amendment claim.

2

With regard to whether Judge Coby was "neutral and detached," Wahtomy failed to proffer any description of Judge Coby's testimony beyond stating that Judge Coby was his former wife's daughter. He did not proffer even basic details of the relationship that were within his personal knowledge, such as whether Wahtomy and Judge Coby were personally acquainted or the extent and frequency of their interaction. He did not proffer any specific evidence of bias, nor why the relationship might have made Judge Coby biased against him in his case. Wahtomy also sought to inquire into Judge Coby's relationship to law enforcement, but made no showing of any basis for so inquiring. Speculation based on the fact of a relationship or relationships alone is not sufficient to make out a showing of materiality. *See Valenzuela-Bernal*, 458 U.S. at 873-74; *United States v. Heffington*, 952 F.2d 275, 279 (9th Cir. 1991). Moreover, this case arose on an Indian reservation of several thousand people, where the likelihood that the on-call tribal judge has a relationship to the subject of a requested warrant is greater than in a more populous jurisdiction. In the absence of concrete evidence of partiality, we have expressed wariness to "disqualify small-town judges on demand" unless the appearance of partiality is "extreme." *Id.*

Wahtomy also failed to proffer evidence of why Judge Coby might not have been competent to determine whether probable cause existed. Laypersons may

3

properly issue warrants, including search warrants. *See Illinois v. Gates*, 462 U.S. 213, 235-36 (1983). Wahtomy acknowledged that he had no specific basis to question Judge Coby's competency to make a "nontechnical, common-sense judgment[]" as to whether law enforcement had demonstrated probable cause. *Id.* In the absence of an appropriate proffer, the district court properly declined to permit Wahtomy to subpoena Judge Coby to inquire into her qualifications.

**AFFIRMED.**



FILED

JUN 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*U.S. v. Wahtomy*, **Case No. 09-30106**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.