**CITIBANK INTERNATIONAL, Plaintiff-Appellee,**

v.

**COLLIER–TRAINO, INC., et al., Defendants-Appellees,**

v.

**UMMA BANK, Applicant-Appellant.**

**Nos. 86–1594, 86–1595.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1987.

Decided Feb. 12, 1987.

---

Ethan P. Schulman and John J. Bartko, San Francisco, Cal., for defendants-appellees.

Joseph D. Pizzurro, New York City, and Joan G. Cullin, San Francisco, Cal., for applicant-appellant.

Before HUG, SCHROEDER and ALARCON, Circuit Judges.

SCHROEDER, Circuit Judge:

This appeal concerns an attempt by a nonparty to overturn a judgment. The appellant and nonparty, Umma Bank, is a Libyan bank that alleges it is an instrumentality of the Libyan government. Umma was the beneficiary under a letter of credit issued by Citibank International and guaranteed by Collier-Traino, Inc., Citibank's account customer. Collier-Traino filed the underlying action to enjoin Citibank from paying Umma. Umma was notified of the action, but was not named as a party and never sought to intervene. Instead, five years later, shortly after the district court entered a permanent injunction, Umma filed a motion, as a nonparty, to vacate the injunction on the basis of several claimed deficiencies. The district court refused to consider the motion, reasoning that because Umma had deliberately chosen to remain a nonparty and avoid involvement in the litigation for five years, it was not entitled to challenge the court's action. We agree with the district court and dismiss this appeal for the same reason.

The relevant underlying facts are not complex. In 1979, Collier-Traino entered into a contract with the Libyan Arab Jamahiriya Secretariat for Land Reclamation

and Agricultural Reform (Libya) to develop and operate irrigation installations in Libya. Pursuant to the agreement Collier-Traino was required to secure its performance with letters of credit. The letters of credit were issued by Citibank to Umma, which in turn issued letters of guarantee to Libya.

One of the letters of credit, identified as No. 4546, was to expire on either February 28, 1985, or four months after the expiration of the contract, whichever was earlier. For reasons not fully explained in the record, the contract was terminated sometime before September 1981. Umma then allegedly paid Libya on the letters of guarantee. On September 9, 1981, Umma notified Citibank of the payment and attempted to draw on the letter of credit.

On September 25, 1981, Collier-Traino filed a complaint against Citibank requesting a temporary restraining order, preliminary injunction, and permanent injunction to prevent Citibank from honoring Umma's attempted draw on the letter of credit. The complaint alleged the contract expired more than four months prior to September 9, 1981, and therefore Umma's attempted draw on the letter of credit was wrongful. The district court issued a temporary restraining order on September 25, 1981, and a preliminary injunction on October 14, 1981. Umma undisputedly had notice of those events.

On October 22, 1985, the district court held that the letter of credit had expired, due to Libya's termination of the contract on or before May 6, 1981, more than four months prior to the attempted draw by Umma. Consequently the district court permanently enjoined Citibank from making payment on the letter of credit.

On December 3, 1985, Umma noticed a motion for a hearing on December 6, 1985. In its motion, Umma contended (1) the monies Citibank allegedly owes Umma are immune from prejudgment attachment under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 *et seq.;* (2) the beneficiary under a letter of credit is an indispensable party and since Umma was never a party to the litigation, the action should have been dismissed; and (3) it was error for the district court to adjudicate a nonparty's rights under the letter of credit. The motion was not a suggestion of lack of subject matter jurisdiction, which a nonparty may file pursuant to Rule 12(h)(3), Fed. R.Civ.P.[1] Umma continued to maintain, however, that it was not a party to the suit and not subject to the jurisdiction of the court. This was admittedly a strategic decision to avoid the possibility of having to litigate claims on the underlying transaction between Libya and Collier-Traino.

On appeal, Umma devotes most of its briefs to arguing the merits of the permanent injunction.[2] However, we conclude that the district court properly refused to consider Umma's motion to vacate because the motion was filed by a nonparty. Our research has disclosed no cases involving an appeal by a nonparty from the denial of that nonparty's motion to vacate a judgment. The closest analogy is a nonparty's attempt to appeal from the judgment itself. In those circumstances, we follow the general rule that one who is not a party before the district court may not appeal a judgment. We have, however, spelled out some standards to apply in assessing when an

---

**1.** Rule 12(h)(3) provides:

Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

**2.** Even if we were to conclude that Umma is a party entitled to file a post-judgment motion to reconsider the merits of the judgment, Umma's motion was filed after the 10–day period for service of a motion to reconsider. *See* Fed.R. Civ.P. 59(e). Accordingly, we would not review

the merits of the underlying judgment; our review would be limited to whether the district court abused its discretion in denying the motion construed as filed under Fed.R.Civ.P. 60(b). *See Browder v. Illinois Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1337–38 (9th Cir.1986); *Rodriguez v. Southern Pacific Transportation Co.,* 587 F.2d 980, 981 (9th Cir.1978).

exception may be made. *See Washoe Tribe v. Greenley,* 674 F.2d 816 (9th Cir.1982).

■ We conclude that when a district court is faced with a motion by a nonparty to vacate the judgment, it should apply similar standards. Thus, the principles upon which we rely are those that apply to the question whether nonparties have standing to challenge a judgment on appeal. Judged by those standards, explained more fully below, the district court properly refused to consider the merits of the motion to vacate. Umma lacked standing to make the motion and, therefore, also lacks standing to maintain this appeal.

■ In *Bender v. Williamsport Area School District,* — U.S. —, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), the Supreme Court reiterated the constitutional constraint of Article III that a party initiating an appeal must have standing. The Court emphasized that only a properly named party may initiate an appeal. *Id.* 106 S.Ct. at 1335 (member of school board sued in his official capacity had no standing to perfect an appeal in his individual capacity). In this circuit, a nonparty to the litigation on the merits will have standing to appeal the decision only in exceptional circumstances when: (1) the party participated in the proceedings below; and (2) the equities favor hearing the appeal. *Bank of America v. M/V Executive,* 797 F.2d 772, 774 (9th Cir.1986); *SEC v. Wencke,* 783 F.2d 829, 834–35 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 77, 93 L.Ed.2d 33 (1986). This case does not present exceptional circumstances.

In *SEC v. Wencke,* our leading case granting a nonparty standing to appeal, there existed both extensive participation in the lower court's proceedings and equities favoring the appeal. 783 F.2d at 834–35. In *Wencke,* the nonparty had standing to appeal because: (1) he had been haled into court over his objections; (2) he had made appearances to contest the issues he was asserting on appeal; and (3) the district court had treated him as a party throughout by accepting his briefs and giving him

an opportunity to cross-examine witnesses. *Id.*

Umma's prejudgment activity in this case was nonexistent. Umma was well-apprised of the proceedings but chose not to participate despite Citibank's recommendation that it do so. After entry of both the temporary restraining order and the preliminary injunction, Citibank notified Umma, by telex, of the proceedings. Umma responded that it was computing interest and it did not choose to take part in the proceedings. Citibank again attempted to secure Umma's participation on October 30, 1981, when it sent another telex setting forth the relevant issues and procedures, and advising Umma to retain counsel and participate. Despite these attempts to acquire Umma's presence, Umma's participation in the proceedings below was limited to the post-judgment motion to vacate. It chose not to intervene, join, or make an appearance to contest jurisdiction, even though it had actual knowledge of the proceedings and their substance.

For similar reasons the equities do not favor considering Umma's challenge to the judgment. It could have either appeared in this action or sued independently to enforce the obligation on the letter of credit. It chose not to do so because it feared subjecting itself to the jurisdiction of the district court on related claims. While we do not fault that strategic election, we must hold that the appellant must accept the disadvantages as well as the advantages that flow from it.

The appeal is dismissed.