SOUTHWEST CENTER FOR
BIOLOGICAL DIVERSITY,
Plaintiff–Appellee,

v.

G. Lynn SPRAGUE;  United States
Forest Service, Defendants–
Appellees,

and

Barret H. Wetherby, Intervenor–
Appellant.

Gerald Hobbs, Plaintiff–Appellant,

v.

G. Lynn Sprague;  United States Forest
Service, Defendants–Appellees.

Nos. 00–15568, 00–15571.
D.C. Nos. CV–98–2434–SC,
CV–99–0512–SC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN, and
W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

In these consolidated appeals, Barret H.
Wetherby and Gerald Hobbs each appeal

---

1. The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

pro se the district court's order granting a voluntary dismissal pursuant to a settlement agreement between the Southwest Center for Biological Diversity ("Southwest") and the federal defendants.[3] Gerald Hobbs also appeals the district court's summary judgment in his related action where he sought the same relief as Southwest. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Nevada v. Burford,* 918 F.2d 854, 855 (9th Cir.1990). We affirm the summary judgment in appeal No. 00–15585 and dismiss appeal No. 00–15568 and appeal No. 00–15571.

■ We review summary judgment de novo. *Alaska Ctr. for the Env't v. United States Forest Serv.,* 189 F.3d 851, 857 (9th Cir.1999). Because the resolution of the Southwest litigation had achieved the very result sought in Hobbs' complaint, the district court properly determined that Hobbs' action was moot. *Cf. Ecological Rights Found. v. Pac. Lumber Co.,* 230 F.3d 1141, 1153 (9th Cir.2000) ("An action becomes moot if the controversy is no longer live because an event occurs that precludes the court from ordering effective relief[.]"). We therefore affirm the judgment in appeal No. 00–15585.

■ Because Hobbs was not a party to the Southwest litigation, his participation in that case involved only an objection to the proposed settlement, and the equities do not favor hearing the appeal, Hobbs lacks standing to appeal the dismissal of Southwest's action. *See Citibank Int'l v. Collier–Traino, Inc.,* 809 F.2d 1438, 1440–41 (9th Cir.1987). We therefore dismiss appeal No. 00–15571 for lack of jurisdiction. *See id.* at 1441.

■ The district court correctly placed the burden on Wetherby to show how his legal interests would be prejudiced by the proposed settlement between Southwest and the federal defendants. *Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir.1987). Because Wetherby failed to make such a showing, the district court properly approved the settlement, granted the settling parties' joint motion for dismissal pursuant to Fed.R.Civ.P. 41(a)(2), and entered an order dismissing Wetherby from the action. *See id.* Because Wetherby has not shown that he is affected by the settlement, he lacks standing to appeal the settlement and voluntary dismissal. *See Didrickson v. United States Dep't of Interior,* 982 F.2d 1332, 1338 (9th Cir.1992) (for intervenor to have standing on appeal his interests must be adversely affected by the judgment). We therefore dismiss appeal No. 00–15568 for lack of jurisdiction. *See Diamond v. Charles,* 476 U.S. 54, 71, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (dismissing appeal for lack of jurisdiction).

We reject Wetherby's and Hobbs' remaining contentions for lack of merit.

Appeal No. 00–15585 AFFIRMED.

Appeal Nos. 00–15568 and 00–15571 DISMISSED.

---

**3.** The district court granted Wetherby intervenor status only as to the remedial phase of the Southwest litigation. Hobbs was never a party to the Southwest litigation although he objected to the proposed settlement and voluntary dismissal.