RANCHERS CATTLEMEN ACTION LEGAL FUND UNITED STOCKGROWERS OF AMERICA, Plaintiff—Appellee,

National Meat Association, Defendant-intervenor—Appellant,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Animal and Plant Health Inspection Service; et al., Defendants—Appellees.

Ranchers Cattlemen Action Legal Fund United Stockgrowers of America, Plaintiff—Appellee,

Canadian Cattlemen's Association; et al., Appellants,

v.

United States Department of Agriculture, Animal and Plant Health Inspection Service; et al., Defendants—Appellees.

Nos. 05–35214, 05–35526.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided July 25, 2005.

Taylor Cook, Esq., A. Clifford Edwards, Edwards Frickle Anner–Hughes & Cook, Billings, MT, William L. Miller, Esq., The William Miller Group, PLLC, Russell S. Frye, Esq., Frye Law PLLC, Washington, DC, for Plaintiff–Appellee.

Philip C. Olsson, Esq., Olsson, Frank & Weeda, P.C., Washington, DC, John W. Ross, Esq., Scott G. Gratton, Esq., Brown Law Firm, P.C., Billings, MT, for Defendant–Intervenor–Appellant.

Victoria L. Francis, USBI—Office of the U.S. Attorney, Billings, MT, Lisa A. Olson, Esq., DOJ—U.S. Department of Justice, Civil Division, Federal Programs Branch, Joshua Waldman, Esq., DOJ—U.S. Department of Justice, Office of the Associate Attorney General, Mark B. Stern, Esq., Michael S. Raab, DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Defendants–Appellees.

Gerald B. Murphy, Esq., Moulton, Bellingham, Longo and Mather, P.C., Billings, MT, Edward J. Farrell, Esq., Blank Rome LLP, David M. Gossett, Esq., Simeon M. Kriesberg, Esq., Mayer Brown Rowe & Maw, LLP, Washington, DC, for Appellants.

Before: TASHIMA, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

The National Meat Association ("NMA"), and Canadian Cattlemen's Association and Alberta Beef Producers ("CCA/ABP") appeal the district court's respective orders denying their motions to intervene as defendants in an action brought by Ranchers Cattlemen Action Legal Fund United Stockgrowers of America ("R–CALF"). NMA also appeals from the preliminary injunction issued by the district court in the same action.[1] We affirm the district court's denial of intervention and dismiss NMA's appeal of the preliminary injunction.

R–CALF brought suit challenging a final rule promulgated by USDA. The rule, entitled *Bovine Spongiform Encephalopathy: Minimal Risk Regions and Importation of Commodities; Final Rule and Notice*, 70 Fed.Reg. 460 (Jan. 4, 2005) ("Final Rule"), reversed USDA's longstanding pol-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. A separate opinion, in No. 05–35264, addressing the United States Department of Agriculture's ("USDA") appeal from the preliminary injunction is filed concurrently with this memorandum disposition. Because the facts are fully set forth in that opinion, we need not recite them here, except as necessary to explain our decision.

icy of banning beef imports from countries where Bovine Spongiform Encephalopathy ("BSE"), commonly known as mad cow disease, is known to exist. More specifically, the rule would have had the effect of reopening the U.S. border to certain categories of Canadian cattle and beef despite the fact that four Canadian cows have been diagnosed with BSE since mid–2003.

NMA moved to intervene shortly after R–CALF filed its suit. The district court denied NMA's motion for intervention and soon thereafter issued a preliminary injunction barring USDA from implementing the Final Rule. Shortly thereafter, CCA/ABP filed their motion to intervene, which the district court also denied. Both NMA and CCA/ABP noticed timely appeals.

■ NMA and CCA/ABP sought both intervention of right and permissive intervention. *See* Fed.R.Civ.P. 24. We review the denial of intervention of right *de novo* and the denial of permissive intervention for abuse of discretion. *Canatella v. California*, 404 F.3d 1106, 1112, 1117 (9th Cir. 2005).

### I. Intervention of Right

An applicant for intervention of right must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interests; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir.2004) (internal quotation marks omitted). Neither NMA nor CCA/ABP can meet these requirements.

### A. NMA

■ The district court properly denied NMA intervention of right because NMA failed to allege a "significant protectable interest" relating to this action. "The requirement of a significantly [*sic* ] protectable interest is generally satisfied when 'the interest is protectable under some law, and ... there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir.2003)(quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993)). We have allowed intervention based upon such "legally protected interests" as contractual rights and federal pollution permits. *See, e.g., Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir.2001)("Contract rights are traditionally protectable interests."); *Sierra Club*, 995 F.2d at 1482–83 (finding Clean Water Act pollution permits to be significant protectable interests); *see also Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1497 (9th Cir.1995)(finding legal duty to maintain state lands adjacent to national forests sufficient). We have made clear, however, that pure economic expectancy is not a legally protected interest for purposes of intervention. *See, e.g., Alisal Water*, 370 F.3d at 920 (prospective collectability of a debt is insufficient); *So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir.2002)(rejecting interests of energy purchasers as legally protected interests because "an undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention of right")(internal quotation marks omitted).

NMA has failed to allege that it has any interest at stake greater than pure economic expectancy. It alleges only that it is being harmed because "the work of slaughtering Canadian cattle under 30 months [has moved] to Canada" resulting in the "outsourcing of U.S. jobs and cattle production." It has failed to describe, however, how its interest in slaughtering Canadian cattle is legally protected in any

manner. This is clearly insufficient under our case law. *See id.*

### B. CCA/ABP

■ CCA/ABP do not qualify for intervention of right because they failed to meet their burden of establishing that USDA will not adequately represent their interests. CCA/ABP must make a particularly strong showing of inadequate representation in this case. "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy arises." *Arakaki*, 324 F.3d at 1086. In fact, "[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." *Id.*

CCA/ABP cannot meet this heightened burden. Given that this case has proceeded on a remarkably expedited schedule, we have the benefit of a detailed record that demonstrates USDA's precise course in this action. This record reveals that USDA has been a vigorous defender of the Canadian cattle and beef industry and the safety of Canadian cattle and beef. USDA has provided detailed arguments regarding the low prevalence of BSE in the Canadian herd, as well as on the measures that Canada has taken to prevent the dissemination of BSE. In light of this well-developed record, CCA/ABP have failed to establish that USDA will not adequately represent their interests. *See id.* at 1086–87 ("[B]ased on the record before this Court, present parties have demonstrated they are capable and willing to make all of Hoohuli's arguments."); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305–06 (9th Cir.1997)("The undisputed facts of this case do not even begin to rebut the presumption of adequacy. On the contrary, they bear it out.")(*"LULAC"*).

### II. Permissive Intervention

A putative intervenor is eligible for permissive intervention under Rule 24(b) where it can show "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *So. Cal. Edison*, 307 F.3d at 803 (alterations and internal quotation marks omitted). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id.*

Because the denial of a motion for permissive intervention has never been deemed an appealable final rule, we have jurisdiction to review the district court's decision only if it abused its discretion. *LULAC*, 131 F.3d at 1307–08 ("If [the appellate court] finds an abuse of discretion, it retains jurisdiction and *must* reverse; if it determines, on the other hand, that no abuse of discretion has occurred, it *must* dismiss the appeal for want of jurisdiction."). In the circumstances of this case, we conclude that the district court did not abuse its discretion in denying NMA and CCA/ABP permissive intervention; therefore, we lack jurisdiction over that portion of their appeals.

### III. NMA's Appeal of Preliminary Injunction

■ Given that we reject both of NMA's grounds for intervention, we must also reject its attempt to appeal the district court's preliminary injunction. "A nonparty has standing to appeal a district court's decision 'only in exceptional circumstances.'" *So. Cal. Edison*, 307 F.3d at 804 (quoting *Citibank Int'l v. Collier–Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987)). Such nonparty appeals are allowed only when "(1) the appellant, though not a party, participated in the district court

proceedings, and (2) the equities of the case weigh in favor of hearing the appeal." *Id.*

NMA simply cannot meet this standard. Because it was properly denied intervention, it did not participate in the district court proceedings. Moreover, given that USDA has appealed the preliminary injunction, which it vigorously contests, "there is nothing inequitable about limiting [NMA's] participation . . . to submission of amicus briefs." *Id.* (internal quotation marks omitted).

### IV. Conclusion

For the foregoing reasons, the district court's order denying NMA intervention of right is affirmed, and NMA's appeal of the district court's order denying its motion for permissive intervention is dismissed. The district court's order denying CCA/ABP intervention of right is affirmed, and CCA/ABP's appeal of the district court's order denying their motion for permissive intervention is dismissed. Finally, NMA's appeal of the preliminary injunction is also dismissed.

**AFFIRMED in part and DISMISSED in part.**