See also 972 F.2d 1012 (9th Cir.1992).

**Evan Arthur HOOK et al., Plaintiffs,**

**and**

**Jeffrey James Faulkner, Movant–Appellant,**

**v.**

**STATE OF ARIZONA et al., Defendants—Appellees.**

No. 05–15792.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Decided June 30, 2006.

Jeffrey James Faulkner, Florence, AZ, pro se.

Daniel P. Schaack, DAG, Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,* District Judge.

MEMORANDUM **

On September 12, 2003, the district court vacated a longstanding consent de-

* The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cree governing certain practices in Arizona prisons, thereby terminating the case. *See Hook v. Ariz. Dep't of Corr.*, 972 F.2d 1012 (9th Cir.1992) (discussing consent decree). More than 16 months later, on January 21, 2005, Jeffrey James Faulkner filed a motion, purportedly under Federal Rule of Civil Procedure 60(b), asking the court to reconsider its decision to vacate the *Hook* consent decree. The court denied the motion, and this appeal followed.

Faulkner was not individually a party to the consent decree. Nor was a class ever finally certified, apparently because no representative was timely designated by the plaintiffs, as required by a 1994 court order. Accordingly, although he benefitted from the terms of the consent decree, Faulkner was not a party to the judgment. Rule 60(b) provides that "the court may relieve a party" from a final judgment; a nonparty cannot move for relief under Rule 60(b) except in "exceptional circumstances," *Citibank Int'l v. Collier–Traino, Inc.*, 809 F.2d 1438, 1440–41 (9th Cir.1987), which are not present here. Thus, Faulkner was not entitled to have the court revisit the dismissal of the *Hook* case.[1]

In the circumstances, the district court's decision to deny Faulkner's motion for reconsideration of the *Hook* consent decree must be

AFFIRMED.

---

1. He is, of course, free to bring any claims of his own concerning present prison conditions.

