NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 12-55209 |
| Plaintiff - Appellee, | D.C. No. 2:10-cv-04193-JFW-SS |
| DAVID KISSI, | |
| Movant - Appellant, | MEMORANDUM* |
| v. | |
| COUNTRYWIDE HOME LOANS INC., a corporation; et al., | |
| Defendants, | |
| ERIC R. CALLOWAY, | |
| Claimant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted November 19, 2013**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

David Kissi appeals pro se from the district court's order rejecting his attempt to file a "Motion for Reconsideration" in the Federal Trade Commission's action alleging that defendants violated the Federal Trade Commission Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of standing, and for an abuse of discretion the district court's decisions regarding management of litigation. *Preminger v. Peake*, 552 F.3d 757, 762 n.3, 769 n.11 (9th Cir. 2008). We dismiss the appeal for lack of standing.

Kissi, who was not a party to the action, lacks standing to challenge the judgment or to bring this appeal. *See Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440-41 (9th Cir. 1987) (a nonparty has standing to challenge or appeal a judgment "only in exceptional circumstances," which exist where the nonparty participated in proceedings below and the equities favor hearing the challenge or appeal). Moreover, the district court did not abuse its discretion in declining to file Kissi's motion because Kissi submitted it over a year after the case had closed. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

**DISMISSED.**