**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAYARDO RENO SANDY, a single man, | No. 16-16031 |
| Plaintiff - Appellee, | D.C. No. 3:15-cv-08084-SMM |
| v. | |
| SUNMOON FREIGHT, INC., a foreign corporation and ZURICH AMERICAN INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted October 18, 2017
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and MOLLOY,[**] District Judge.

Plaintiff Bayardo Reno Sandy was rear-ended by a semi-truck owned by

Defendant Sunmoon Freight, Inc. He filed suit against Sunmoon and was

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald W. Molloy, Senior District Judge for the U.S. District Court for the District of Montana, sitting by designation.

subsequently awarded default judgment in the amount of $1.5 million. Sunmoon was insured by Zurich American Insurance Company. Zurich, a nonparty, was given permission by the district court for its counsel to defend on behalf of Sunmoon below. Neither Zurich nor Sunmoon filed an answer. Forty-five days after default judgment was entered, Zurich moved to set aside or vacate the judgment. The district court denied Zurich's request; Zurich and Sunmoon appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As a nonparty, Zurich only has standing to appeal in "exceptional circumstances." *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987). Zurich's limited participation below and its strategic decision not to intervene raise serious questions as to whether such circumstances exist here. *See id.* Zurich is joined in its appeal by Sunmoon, the named defendant. However, Sunmoon did not join Zurich's motion to set aside or vacate the judgment such that Sunmoon does not have standing to bring this appeal. *See Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 846 (9th Cir. 2009). Even assuming Zurich meets the requirements for a nonparty to appeal an adverse ruling, the district court did not abuse its discretion in denying the Rule 60 motion.

Litigants are not permitted to use Rule 60(b) to circumvent the appeals process. *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982). Nor

2

can they use an appeal of a Rule 60 decision to challenge the original judgment. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). Appellants seek to do both. We review the district court's denial of Zurich's motion to set aside or vacate the default judgment under Rule 60(b) for abuse of discretion. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.*

A final judgment is "void" for the purposes of Rule 60(b)(4) "only in the rare instance where [it] is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "A judgment is not void merely because it is erroneous." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (quoting *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985)). The only issue here is whether the entry of the default judgment fell short of the constitutional requirements of due process.

First, the district court ruled on the motion for default judgment prior to the expiration of the 14-day response period provided under Rule 7.2(c) of the Local Rules of Practice for the District of Arizona. However, Zurich stated in its motion to set aside that it "did not know of the second motion seeking a default judgment .

3

. . until after the Court had entered its default judgment" because it was filed incorrectly at counsel's office. Even assuming, without deciding, that the district court's swift action implicated due process concerns, there is no prejudice. There is no indication—nor is it argued on appeal—that either Zurich or Sunmoon would have timely responded to the motion.

Second, the district court did not hold a Rule 55 hearing on damages. While a procedural challenge to that decision may have succeeded on direct appeal from the judgment, *see Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981), the lack of a Rule 55 hearing here does not amount to a constitutional due process violation making the judgment void under Rule 60(b)(4). Zurich and Sunmoon had notice of the proceedings and ample opportunity to be heard. The lack of a hearing in light of their strategic decision to not get involved was not a denial of the process due under the circumstances. Moreover, given that Zurich had ample notice of the entry of default and still failed to appeal, the failure to hold a hearing did not so deprive Zurich of constitutional due process as to render the judgment void. *See Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) ("Due process is flexible and calls for such procedural protections as the particular situation demands." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (alteration omitted)).

Nor was the denial of relief under Rule 60(b)(1) an abuse of discretion. "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). Although it could have been more specific, the district court considered this equitable analysis in its denial of Zurich's Rule 60(b) motion. *See Bateman*, 231 F.3d at 1224 ("We would not ordinarily reverse a court simply for failing to articulate the *Pioneer* and *Briones* test, as long as it actually engaged in the equitable analysis those cases mandate.").

Finally, the district court did not abuse its discretion in declining to reconsider the *Eitel*[1] factors on Zurich's motion, as it was not required to do so under Rule 60(b), and the underlying judgment is not on review. *See Casey*, 362 F.3d at 1257.

**AFFIRMED.**

---

[1] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).