**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10059 |
| Plaintiff-Appellee, | D.C. No. 12-cr-375-TLN |
| v. | MEMORANDUM* |
| KENNETH PARKS, ET AL., | |
| Defendants, | |
| KYN NAOPE, | |
| Appellant-Movant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 16, 2019**
San Francisco, California

Before: PAEZ and RAWLINSON, Circuit Judges, and HUCK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

# I.     Background

Appellant, Kyn Naope, was sentenced to 60 months imprisonment and ordered to pay restitution stemming from a scheme to fraudulently collect unemployment benefits from the State of California Employment Development Department. In pursuing his sentencing appeal, based on a claim of ineffective assistance of counsel, Naope discovered several sealed filings in a related case, *United States v. Parks,* 2:12-cr-375 TLN. Without seeking to intervene, Naope requested that the district court presiding over *Parks* allow him access to the sealed filings to determine whether they contained exculpatory material that could assist him in his sentencing appeal. Alternatively, Naope requested that the district court review the filings *in camera* to make the same determination. The district court denied Naope's request as he was not a party to the case. Naope now appeals the district court's denial.

# II.     DISCUSSION

Naope does not have standing to appeal the district court's order. *See Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986)). "[O]nly a properly named party may initiate an appeal." *Id*. "In this circuit, a nonparty to the litigation on the merits will have standing to appeal the decision only in exceptional circumstances when:

(1) the party participated in the proceedings below; and (2) the equities favor hearing the appeal." *Id*.; *United States v. Badger*, 930 F.2d 754, 756 (9th Cir. 1991).

There is no question that Naope was not a named party in *Parks*. Naope did not seek to intervene in *Parks* and is properly considered a non-party in light of this Court and the Supreme Court's precedent. The non-party exception does not apply to Naope because he did not participate in *Parks* beyond filing a self-interested request to access the sealed filings without seeking to intervene and because the equities do not weigh in favor of hearing his appeal.

*1. Participation*

Naope did not participate in the proceedings below such that he should be entitled to appeal the district court's order denying his request. Naope merely filed a request to access sealed documents. Filing such a request is not the sort of "participation" this Court contemplated in establishing the exception allowing a non-party to appeal an order. In fact, this Court has only allowed a non-party's appeal where the party has participated in the case below in some meaningful way. *See Citibank*, 809 F.2d at 1441 (citing *SEC v. Wencke*, 783 F.2d 829, 834–35 (9th Cir. 1986)). In *Citibank*, this Court held that a non-party did not participate in the proceedings below because the non-party had only filed a post-judgment motion to vacate. Similarly, Naope only filed a single self-interested motion to access sealed

18-10059

filings. Naope's limited filing does not rise to the level of meaningful participation required to have standing to appeal.

*2. Equities*

Furthermore, the equities do not weigh in favor of hearing Naope's appeal. An appeal here is not the most expeditious way for Naope to obtain potentially exculpatory information. *See Badger*, 930 F.2d at 756. Naope may and should have requested the district court in his case to compel the Government to produce any exculpatory information, including any in the sealed filings in *Parks*. If the district court denied Naope's motion, he could have appealed that denial. Seeking an order compelling the Government to produce exculpatory information in his own case is the most expeditious way for Naope to achieve his goal. For this same reason, denying this appeal is not unjust because Naope has an alternative (and more procedurally proper) way to seek the information he desires. Additionally, the district court certainly did not hail Naope into *Parks* such that it would be unfair not to allow Naope to appeal the order.

In sum, Naope does not have standing to appeal the *Parks* order denying his request to access sealed documents because Naope is a non-party to the case who did not meaningfully participate, or seek to intervene, in the proceedings below and because the equities do not weigh in favor of hearing his appeal.

18-10059

## III.   <u>CONCLUSION</u>

For the reasons above, this appeal is dismissed.

18-10059