NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOME PRODUCTS INTERNATIONAL, INC.,**
*Plaintiff-Appellee*

**SINCE HARDWARE (GUANGZHOU) CO. LTD.,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

**v.**

**TARGET CORPORATION,**
*Movant-Appellant*

---

2020-1202

---

Appeal from the United States Court of International Trade in Nos. 1:07-cv-00123-LMG, 1:07-cv-00126-LMG, Senior Judge Leo M. Gordon.

---

Decided: February 16, 2021

---

FREDERICK LYLE IKENSON, Blank Rome LLP, Washington, DC, for plaintiff-appellee. Also represented by

KIERSTAN LEE CARLSON.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JEANNE DAVIDSON, JENNIFER B. DICKEY, PATRICIA M. MCCARTHY; SAAD YOUNUS CHALCHAL, Office of Chief Counsel for Trade Enforcement and Compliance, United States Department of Commerce, Washington, DC.

PATRICK D. GILL, Sandler, Travis & Roserberg, P.A., New York, NY, for movant-appellant. Also represented by WILLIAM MALONEY.

————————————

Before O'MALLEY, TARANTO, and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

Target Corporation ("Target") seeks appellate review of an order of the Court of International Trade ("CIT"). *See Home Prod. Int'l, Inc. v. United States*, 405 F. Supp. 3d 1368 (Ct. Int'l Trade 2019). Because Target was not a party to the CIT action and has not preserved any argument challenging the CIT's denial of its motion to intervene, we *dismiss* Target's nonparty appeal.

## I. BACKGROUND

In December 2016, after nearly ten years of litigation, the CIT entered a stipulated final judgment in this antidumping case. The judgment was agreed to by all parties to the action: Home Products International, Inc. ("Home Products"), Since Hardware (Guangzhou) Co., Ltd. ("Since Hardware"), and the United States. The judgment directed the United States Department of Commerce ("Commerce") to: (1) set the final weighted-average dumping margin for ironing tables exported by Since Hardware at 72.29%; and (2) instruct United States Customs and Border Protection ("Customs") to liquidate the entries at that rate.

Commerce complied. Customs, however, erroneously liquidated ironing tables produced and exported by Since Hardware that entered between August 4, 2004, and July 31, 2005—224 total entries—at the cash deposit rate of 9.47%, rather than the court-ordered rate.

Home Products, a domestic producer of ironing boards and the petitioner for the imposition of antidumping duties, learned of Customs' error in September 2017 and informed the government. The government promptly filed a status report with the CIT, advising of the error. The government explained that, due to the controlling statutory scheme, Customs was powerless to correct its mistake and indicated that Customs would reliquidate if ordered to do so by the court. A few weeks later, on October 27, 2017, the CIT entered an order directing reliquidation of the erroneously liquidated entries. No party to the CIT action opposed the order. Reliquidation was scheduled for November 17, 2017.

 On November 9, 2017, Target made its first appearance before the CIT. Target is the importer of forty of the erroneously liquidated entries and, as a result, paid millions of dollars less in duties than contemplated by the CIT's judgment. Hoping to avoid reliquidation, Target filed three motions: Motion to Intervene and Expedite; Motion for Expedited Stay of Implementation of [the October 27, 2017 Order]; and Motion to Reconsider and Vacate the Court's October 27, 2017 Order. On November 15, 2017, the CIT stayed implementation of the October 27, 2017 order. The stay remained in effect for twenty-three months.

The CIT issued an Opinion and Order resolving Target's motions on September 27, 2019. Explaining that the intervention rules for trade actions are complex, the CIT declined to substantively resolve Target's motion to intervene. The court instead relied on CIT Rule 71 as authority allowing it to consider, in the context of judgment enforcement proceedings, submissions made by interested

nonparties.   That rule provides, "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."   CIT Rule 71.   After considering Target's and the parties' arguments, the CIT determined that it had authority to order reliquidation and vacated its November 15, 2017 stay.   *Home Prod. Int'l, Inc.*, 405 F. Supp. 3d at 1378. The court denied Target's motion to intervene as moot.   *Id.*

Target filed a notice of appeal with the CIT on November 26, 2019.   The notice characterized Target as a "Movant to Intervene."   Target's Suppl. App. Exh. A.   Target's merits briefing before this court, however, hardly mentions its attempt to intervene.   Its statement of the case notes that the CIT "denied as moot Target's motion[] to intervene."   Target's Opening Br. 3.   And Target mentions on the last page of its opening brief, without explanation or argument, that the CIT abused its discretion by denying intervention: "Certainly it was an abuse of discretion for the CIT to deny intervention to Target to protect its rights.   That abuse of discretion is reviewable by this Court."   *Id.* at 27.   Target's reply brief does not reference or discuss intervention.   *See generally* Target's Reply Br.

On December 21, 2020, we sua sponte sought supplemental briefing from Target and the parties, asking for an explanation why this nonparty appeal should be allowed. We received those briefs on January 15, 2021.

## II. Discussion

In the supplemental briefing, Target argues (1) that it has preserved a challenge to the CIT's denial of the motion to intervene and (2) that it has a "unique interest" in the matter such that the ordinary rule against nonparty appeals should not apply.   We address each argument in turn.

### A.

The rule that a would-be intervenor can appeal a decision denying intervention is well established.   *See, e.g.*,

*Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns,* 695 F.3d 1310, 1314–15 (Fed. Cir. 2012). It is equally well settled, however, that "an issue not raised by an appellant in its opening brief . . . is waived." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("[A]rguments not raised in the opening brief are waived."). Cursorily raised issues and undeveloped arguments fare no better. *See SmithKline Beecham Corp.*, 439 F.3d at 1320; *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1375 n.4 (Fed. Cir. 2005); *Graphic Controls Corp. v. Utah Med. Prod., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998).

As discussed, Target barely mentions its motion to intervene in its opening brief to this court. *See* Target's Opening Br. 3, 15, 27. The first mention appears in Target's statement of the case and merely declares the fact of the CIT's denial. *Id.* at 3. An additional mention appears on the last page of Target's Argument section. *Id.* at 27. There, Target asserts, without elaboration, "[c]ertainly it was an abuse of discretion for the CIT to deny intervention to Target to protect its rights." *Id.*

Target argues that these references to the denial of the motion to intervene are sufficient to preserve a challenge to the CIT's decision. Target's Suppl. Br. 3–4. We disagree. Target's right to intervene was seriously contested before the CIT. *See* J.A. 66–73 (Target's memorandum of law in support of its motion to intervene); J.A. 128–33 (Home Product's memorandum in opposition to Target's motion to intervene); J.A. 315–17 (the government's opposition to Target's motion to intervene). In particular, the parties argued that 28 U.S.C. § 2631(j)(1)(B), which limits intervention as a matter of right in antidumping cases to interested parties who participated in proceedings before Commerce, did not apply to Target—Target had not participated in any capacity prior to 2017. Given the nature and complexity of the arguments surrounding Target's motion to intervene,

Target's bald statement to us on appeal that the CIT "certainly" abused its discretion is insufficient to preserve any argument on the issue.

### B.

Having found that Target has preserved no basis for us to deem it a party to the CIT action, we next turn to the question whether Target should be allowed to appeal as a nonparty. In all but the narrowest circumstances, "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Karcher v. May*, 484 U.S. 72, 77 (1987) ("[O]ne who is not a party or has not been treated as a party to a judgment has no right to appeal therefrom."); *In re Leaf Tobacco Bd. of Trade of N.Y.*, 222 U.S. 578, 581 (1911) ("One who is not a party to a record and judgment is not entitled to appeal therefrom.").

The rule against nonparty appeals has some exceptions. Most notably, exceptions to the party requirement arise in the class action context, where unnamed class members in a certified class would be bound by the judgment. *See, e.g., Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002). Courts have also allowed nonparties to appeal, while stressing the exceptional nature of that result, in certain circumstances where the nonparty has a "sufficiently unique interest" in the matter. *United States v. Osage Wind, LLC*, 871 F.3d 1078, 1085–86 (10th Cir. 2017).

Target and the government argue that Target should fall into the "unique interest" exception to the rule against nonparty appeals. Target's Suppl. Br. 6–8; Government's Suppl. Br. 4–9. Target contends that, because it sought to intervene and participated before the CIT, it is not a mere "interloper to the appeal who sat on the sidelines in the lower courts." Target's Suppl. Br. 7. It further asserts that "it would be an incredible waste of resources to force Target to initiate a new action under 28 U.S.C. § 1581(a) so as to

drag this case out for another four years." *Id.* at 8. The government notes that the CIT itself recognized Target's interest, as an importer of record, in the matter and argues that there is no clearly defined set of rules establishing who can appeal from a CIT reliquidation order. Government's Suppl. Br. 5.

In suggesting that this case qualifies as an exception to the strong rule against nonparty appeals, the government points to a Ninth Circuit formulation that a nonparty "will have standing to appeal [a] decision only in exceptional circumstances when: (1) the party participated in the proceedings below; and (2) the equities favor hearing the appeal." *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987). That formulation, though mistakenly characterizing the issue as one of "standing," *cf. Devlin*, 536 U.S. at 6–7 (distinguishing the issues), establishes necessary conditions, but does not elaborate on what concrete circumstances will suffice. The Fifth Circuit has used language similar to the Ninth's, with the added consideration of whether the nonparty has a personal stake in the outcome and an added warning that the exception does not mean that "parties will be given a free pass to avoid complying with the rules of intervention." *S.E.C. v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 329–30 (5th Cir. 2001).

The Seventh Circuit and the Third Circuit have elaborated on an aspect of the issue that is significant to this case. They have stressed the importance of whether the nonparty seeking appeal has an alternative route to redress its grievance. *See, e.g.*, *S.E.C. v. Enter. Tr. Co.*, 559 F.3d 649, 651 (7th Cir. 2009) (discussing certain cases where other circuits have allowed a nonparty appeal and concluding: "What these situations have in common is that the judicial decision concludes the rights of the affected person, who cannot litigate the issue in some other forum."); *Nat'l Football League Players' Concussion Injury Litig.*, 923 F.3d 96, 106 n.7 (3d Cir. 2019) ("The equities favor allowing the appeal because the [nonparties] have no

way to challenge the District Court's orders, which affected their rights, apart from appealing here.").

We need not decide here whether a nonparty can ever appeal in a case where the would-be appellant has another, statutorily prescribed, path to resolve its complaint. We, instead, apply relevant factors gleaned from our sister circuits' case law to the facts of this case and determine that Target's appeal should be dismissed. Those factors are: (1) whether the nonparty participated in the proceedings below; (2) whether the nonparty has a personal stake in the outcome; (3) whether the equities favor hearing the appeal; and (4) whether the nonparty has an alternative path to appellate review of the decision.

Applying those factors to this case, there can be no debate that Target participated in the proceeding before the CIT, albeit belatedly. It filed several motions and the CIT expressly considered Target's arguments pursuant to CIT Rule 71. There is also no question that Target has a personal stake in this case. The CIT's reliquidation order caused Target to pay significantly higher duties on the subject entries. But the last two factors clearly cut the other way.

We find that the equities do not favor Target's request for exceptional treatment. When evaluating the balance of equities, courts have considered, inter alia, whether the nonparty appeal will frustrate another legal principle. *See Walker v. City of Mesquite*, 858 F.2d 1071, 1074 (5th Cir. 1988) (in the class action context, allowing nonnamed class members appeal rights could frustrate the purpose of Federal Rule of Civil Procedure 23). And courts have expressed serious concerns about the prospect of nonparty appeals hindering the purposes and requirements of intervention. *See Forex Asset Mgmt.*, 242 F.3d at 330; *cf. Osage Wind*, 871 F.3d at 1086 (a nonparty seeking to appeal must "demonstrate cause for why he did not or could not intervene in the proceedings below"). Notably, in *U.S. ex rel.*

*Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009), the Supreme Court rejected an argument (in the *qui tam* context) for disregarding the distinction between parties and nonparties, concluding that "intervention is the requisite method for a nonparty to become a party to a lawsuit."

Target's nonparty appeal is in tension with the ordinary process of intervention. Here, Target began to follow the required procedure before the CIT by moving to intervene, but then deviated from the normal path by choosing not to contest on appeal the CIT's denial of its motion. As noted, Target presents us with no argument on the propriety of its request to intervene. Had Target argued that it should have been allowed to intervene, regardless of our resolution of that issue, we would be in a position to confidently conclude that Target's nonparty appeal does not frustrate the principles and procedures underlying intervention. Instead, Target effectively asks that we ignore that it sought intervention and skip directly to considering this case as a nonparty appeal. We decline to do so. To ensure that the exceptions to the rule against nonparty appeals remain narrow, we conclude that equity required Target, whose motion to intervene was denied, to appeal and contest the denial of intervention. As Target failed to follow that procedure and does not meaningfully defend that choice, we conclude that the equities do not favor allowing Target's nonparty appeal.[1]

Finally, it is undisputed that Target has another, statutorily prescribed, path to redress its grievance without resort to a nonparty appeal. Target has, in fact, followed that

---

[1]    It is unclear, moreover, whether the equities favor making exceptions for a nonparty who received a windfall from Customs' failure to properly implement a court order, so that it may contest correction of that error through a procedurally improper route. We need not reach this question in light of Target's procedural errors.

path. Upon reliquidation of the subject entries, Target protested Customs' actions pursuant to 19 U.S.C. § 1514. Target's Opening Br. 20. If Customs denies Target's protest, Target will be able to commence an action in the CIT challenging that decision. *See* 28 U.S.C. §§ 1581(a), 2637(a). And, if the CIT resolves that case adversely to Target, Target, as a party to the CIT action, will be able to seek review in this court. *See* 28 U.S.C. § 1295(a)(5).

Target contends that requiring it to continue down that path will be a waste of resources, given the amount of time the proceeding will take and the fact that it "is inevitable a new case will land right back with this Court." Target's Suppl. Br. 8. While we recognize some inefficiency in that process, it is a problem of Target's own creation. Target, although a nonparty, chose to involve itself at the tail-end of this CIT proceeding. Its involvement resulted in an additional two years of litigation before the CIT and over a year pending appeal in this court. Had Target chosen to follow the procedure prescribed by statute, such that reliquidation would have occurred in November 2017, Target may well have reached the point of appeal in its own case. Target's choice to risk a dead-end road, rather than follow the clear path laid out by statute, does not create an exceptional circumstance warranting nonparty appeal.

## III. CONCLUSION

That Target and the government would like us to review the substance of this appeal now is not enough to overcome the strong presumption against nonparty appeals. Target has not established exceptional circumstances indicating the propriety of a nonparty appeal in this case. Accordingly, we *dismiss*.

## DISMISSED

### COSTS

Costs to Home Products International, Inc.